**WO**                                                                                                          JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 06-0334-PHX-MHM |
| Plaintiff, | ) ) | No. CV 06-2046-PHX-MHM (JRI) |
| v. | ) ) | **ORDER** |
| Jose Rafael Ramos-Torres, | ) ) | |
| Defendant/Movant. | ) ) ) | |

Movant Jose Rafael Ramos-Torres, presently confined in the Central Arizona Detention Center in Florence, Arizona, has filed two pending motions *pro se*: (1) a "Motion for Downward Departure" (Doc. # 36) and a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. # 37). The Court will summarily dismiss both motions.

**I.     Procedural Background**

Pursuant to a plea agreement, Movant pled guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). The plea agreement provided for a sentencing range of 12 to 41 months, depending on Movant's criminal history. On August 21, 2006, the Court sentenced Movant to a seventeen month term of imprisonment, to be followed by three years on supervised release.

In his § 2255 motion, Movant seeks a reduction in sentence on the basis that as a deportable alien, he is ineligible for placement in a halfway house or early release for

1  completion of a drug treatment program. See 18 U.S.C. § 3621(e)(2)(B) (sentence may be
2  reduced by up to one year for successful completion of drug treatment program); 18 U.S.C.
3  § 3624(c) (ten percent of a sentence, but no longer than six months, may be served "under
4  conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for
5  the prisoner's re-entry into the community"). Movant claims his equal protection rights have
6  been violated.

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 ACTIONS. The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a motion to vacate without ordering a response from the government where the record conclusively or plainly shows that the movant is not entitled to relief. Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). Here, Movant plainly is not entitled to relief.

**III.   Movant is Not Entitled to Relief**

**A. Nature of Claim**

Under the present circumstances, the Court cannot reduce Movant's sentence. A judgment of conviction that includes a sentence is final except in extremely limited circumstances. 18 U.S.C. § 3582(b). With few narrow exceptions, which do not apply here, a court generally may not correct or modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).

Finally, the sentencing reduction issue raised by Movant was squarely at issue in United States v. Martinez-Ramos, 184 F.3d 1055 (9th Cir. 1999). In Martinez-Ramos, the United States Court of Appeals for the Ninth Circuit held that for convictions under 8 U.S.C.

1 § 1326, status as a "deportable alien cannot be a ground for downward departure because
2 deportable alien status is an element of the crime that was necessarily taken into account by
3 the Sentencing Commission in crafting the offense level of a § 1326 violation." Id. at 1056.
4 As a clear matter of law, therefore, Movant was not and is not entitled to a downward
5 departure on the ground that he is a deportable alien.

6 Movant's equal protection claim has also been rejected by the Ninth Circuit. In
7 McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir.1999), cert. denied, 528 U.S. 1086
8 (2000), the court of appeals affirmed the denial of an equal protection challenge to the
9 Bureau of Prisons ("BOP") policy excluding prisoners with immigration detainers from
10 eligibility for sentence reduction under a residential substance abuse treatment program. The
11 court held that "excluding prisoners with detainers from participating in community-based
12 treatment programs, and consequently from sentence reduction eligibility, is at least
13 rationally related to the BOP's legitimate interest in preventing prisoners from fleeing
14 detainers while participating in community treatment programs." Id. at 1186. That
15 conclusion applies with equal force to the BOP policy excluding prisoners with immigration
16 detainers from early release to community confinement programs.

17 **B. Waiver**

18 In addition, Movant has waived challenges to his sentence. The Ninth Circuit Court
19 of Appeals has found that there are "strict standards for waiver of constitutional rights."
20 United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible
21 to presume waiver from a silent record, and the Court must indulge every reasonable
22 presumption against waiver of fundamental constitutional rights. United States v. Hamilton,
23 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and
24 unequivocal.

25 Plea agreements are contractual in nature, and their plain language will generally be
26 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
27 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable
28

1  if the language of the waiver encompasses the right to appeal on the grounds raised and the
2  waiver is knowingly and voluntarily made. Id.

3  A defendant may waive the statutory right to bring a § 2255 action challenging the
4  length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United
5  States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be
6  waived are claims that the waiver itself was involuntary or that ineffective assistance of
7  counsel rendered the waiver involuntary. See Pruitt, 32 F.3d at 433 (expressing doubt that
8  a plea agreement could waive a claim that counsel erroneously induced a defendant to plead
9  guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to
10 hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the
11 waiver); see also Jeronimo, 398 F.3d at 1156 n.4 ( declining to decide whether waiver of all
12 statutory rights included claims implicating the voluntariness of the waiver).

13 As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28 United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

22 (Doc. # 35 at 5). Movant indicated in his plea agreement that he had discussed the terms
23 with his attorney, that he agreed to the terms and conditions, and that he entered into it
24 voluntarily (Doc. # 35).

25 Movant's assertions in his § 2255 motion all pertain to sentencing and do not pertain
26 to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition
27 of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his

- 4 -

plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion.

///

**C. Motion for Downward Departure**

Movant has also filed a Motion for Downward Departure (Doc. # 36) arguing that he is entitled to a downward departure because as a deportable alien, Movant faces a more severe sentence than a lawful resident of the United States. To the extent that Movant's motion is simply a request for a downward departure, Movant's motion is untimely as he was sentenced on August 21, 2006. To the extent that Movant seeks to vacate, set aside, or correct his sentence, the Court will construe Movant's motion as being brought pursuant to § 2255. Movant's motion for a downward departure fails for all of the reasons outlined above, and will also be summarily dismissed. Further, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ..." 28 U.S.C. § 2255. The pending pleading has not been certified. Accordingly, both of Movant's pending motions will be denied and dismissed.

**IT IS THEREFORE ORDERED** that:

(1) Movant's Motion for a Time Reduction Pursuant to 28 U.S.C. § 2255 (Doc. # 37) is **DENIED**;

(2) Movant's Motion for a Downward Departure (Doc. # 36) is **DENIED**; and

(3) The civil action opened in connection with the Motion (CV 06-2046-PHX-MHM (JRI)) is **DISMISSED**.

DATED this 11th day of September, 2006.

Mary H. Murgula
United States District Judge